Good morning, Your Honors. May it please the Court, David Gardner representing the petitioner, Bok Kim, and I would like to reserve two to three minutes for rebuttal. Your Honors, this is a case which was on remand by order of this Court, and the remand was based on a government motion which requested that the Court remand to the Board for the specific purpose of making an analysis of a Board precedent decision, published decision, Gonzales-Aquapen, which deals with California Penal Code, Section 647B, disorderly conduct. In Gonzales, the Board had previously ruled that that code section did not meet the Federal definition of prostitution, which is a ground of inadmissibility under the Immigration Act. In Gonzales, the Board left open the question of whether the code section involved a crime of moral turpitude, but found that if it was a single incident, it could qualify for the petty offense exception. In the instant case, the Board agreed with its prior precedent, found that the crime under 647B was not a ground of inadmissibility, and then found that that did not rule out that it was a crime of moral turpitude, but made no analysis as to the moral turpitude issue. The Board then went on to say that even if there was a petty offense exception, the Petitioner in this case did not warrant having her case reopened as a matter of discretion. The Petitioner submits that the Board abused discretion, and it was a fundamental error that what should have happened here was a case needed to be remanded back to the applicable law at the end. Kennedy. Counsel, I thought that the Board, when it considered it, reconsidered its August 9, 2007 denial, took it back to consider the case of In re Gonzales Joaquin. I may be saying it wrong, but you know what I'm talking about. Is that not correct? Yes, Your Honor. And that's really a matter of law, is it not? They were trying to decide whether this was a crime involving moral turpitude based upon its own published opinions, whether or not it was entitled to either Skidmore or Chevron deference, right? Well, the Petitioner here had raised the issue under a case called Capilino, which dealt with a similar offense. The government then asked for the remand because the Gonzales case specifically dealt with the Federal issue of prostitution. Gonzales does not really address moral turpitude. It issues the issue. It deals with the ground of prostitution, and in the underlying proceedings, the immigration judge found that the Petitioner here was inadmissible because she committed acts of prostitution. Well, there are two statutes. There's the Federal statute and the State statute, right? State statute. And doesn't either one, if it covers the situation, do what's necessary for them to sustain their ruling? The Gonzales case is, I believe, a categorical precedent that prostitution under the California statute cannot be prostitution under the Federal definition because there's no commercialized element. But under the modified categorical exemption, how does that work here? The Petitioner believes that you don't get to the modified categorical approach because there is no scienter element in Code Section 647B. There's no malicious intent. There's no specific element. And this Court subsequently, in the case of Muniz v. Holder in 2010, 594, Fed 3rd 424. Counsel, with respect, do we even get there, though? Because the BIA question is whether the BIA improperly denied the motion to reopen, right? If you don't get it reopened, you never get to these points that you're raising? Yes, Your Honor. So I guess my question to you would be, what can you point us to to show that on, you know, after taking it back, that the BIA abused its discretion in not granting the motion to reopen? The motion to reopen introduced new evidence relating to the underlying marriage between the Petitioner and her husband. The immigration judge in her decision devoted one and a half pages and made a finding that this was a marriage fraud, it was a sham marriage. There was no charge on that, and therefore, the motion to reopen was necessary to address that. The ---- But again, with respect, just because you have new evidence doesn't mean that there's a basis for reopening. It doesn't have to be some new law, some new ---- something that would go to primarily a legal issue or a previously unknown material fact to warrant a reopening? I agree, Your Honor. The motion to reopen is available when there has been no prior discretionary decision. And what the Board did was state that it affirmed a discretionary decision, but the discretionary decision was on an extreme hardship issue relating to a waiver of inadmissibility, and the Petitioner was not charged with those grounds of inadmissibility and was not under the law, as we know it, inadmissible. If this was ---- I know you may want to answer this question now because it's probably going to come from your adversary, that this wasn't a motion to reopen, it was a motion for reconsideration because it involved law, it was filed late, end of case. What's going to be your response to that argument? The motion was characterized as a motion to reopen because it contained substantial evidence relating to the marriage. It then introduced the Capolino issue. Subsequent to that, the Board issued its Gonzales decision, and this case was remanded on the government's motion, and this Court ordered it reopened. And therefore, it really was not untimely because the case was already reopened on remand by this Court. So Capolino, at that time, which we ---- if we were late addressing Capolino, we would not have been late addressing Gonzales because that's a California statute which distinguishes that Gonzales arrived subsequent to the first motion to reopen in this case. So your position is this is really a motion to reopen and not a motion for reconsideration? Yes, Your Honor. You concede that, if it is a motion for reconsideration, that it was ---- the appeal was tardy? It could not have been tardy because Gonzales was decided subsequently. Is that a yes or is that a no? It's yes. If it was a motion to reconsider, it would have been on a matter of law at that time, it would have been tardy. If it had been a motion for reconsideration, it would have been tardy? Yes, Your Honor. Do you want to save ---- you mentioned you wanted to save two or three minutes. You're at the two-minute mark. Do you want to save some rebuttal time? Yes. Okay. Very good. We'll hear from the government then. Good morning, Your Honor. May it please the Court, Emanuel Pallaro for the respondent to this case, the Attorney General. This case presents a situation where the agency denied Ms. Kim's application for adjustment of status as a discretionary matter. As this Court knows, under the INA, the Court cannot directly review that kind of determination. And under this Court's precedent in Fernandez, it also may not review a motion to reopen which asserts essentially the same claim that was presented previously because that would be a run around the jurisdictional limitation. So what we have here is a motion to reopen which seeks to represent essentially the same claim that was presented before the Immigration Court, and that this Court simply lacks jurisdiction to do that, particularly where the denial was based on the Board's exercise of discretion, which means or could mean that even if the applicant is eligible for adjustment of status, it's still a discretionary form of relief which the Board may or may choose to deny in its discretion. And that is simply not reviewable by this Court. Counsel, of course, there is the exception about legal issues and constitutional claims, right? Absolutely, Your Honor. And I – is it not true that in this case, the Board was concerned about this new case from the Consellia, or however you say it? I shouldn't be compaying on that, Your Honor. But wasn't that the reason why it was reviewing this again? There were two reasons, Your Honor. First, the – the motion to reconsider piece of it, which Judge Wallace referred to, was the contention was there is new law since you looked at this case, which changes whether Ms. Kim is inadmissible to this Court. But there was also new evidentiary material, supposedly new, consisting of – essentially their claim was that Ms. Kim and her husband were inhibited in the immigration court hearing from fully presenting their hardship claim. So we have new declarations, which they presented in light of the hearing, and they also presented a psychiatrist evaluation. So essentially, the so-called new information was bolstering the exact same testimony they previously presented, and had they had it to do it over again, that's what they would have done the first time around. And the remand had really little to do, if anything, with that part of the case, right? That's correct, Your Honor. The remand was at – as Mr. Gardner notes, it was at the Respondent's request to consider the two precedents, Gonzalo Zocchiapon and Cappellino. And the board on remand reopening did consider them, and they concluded that under Cappellino possibly Ms. Kim was not inadmissible under the prostitution inadmissibility ground, but that did not address the crime-involving moral turpitude ground, the two separate inadmissibility grounds that she was subject to. Either one would have been sufficient to bar her, right? Yes, sir. Yes. So best-case scenario is that even if somehow the board on the remanded reopening concluded that she was not inadmissible under either provision because of these two new cases, they are still free to deny her application as a discretionary matter. And that's exactly what they did here. And that is essentially what the court did on – in denying reopening is that we conclude to the same reasons the immigration judge concluded that you do not warrant this relief as a matter of discretion. So essentially there is no point in reopening this matter because we can jump through all those hoops, and at the end of the day, we're still going to find as a matter of discretion for various reasons that you do not qualify for this. So you should not – do not warrant this relief. Plus, if I understand the government's position correctly, there are two CIMT bases for excluding her, that either one of which would be sufficient to bar going forward anyway. Is that correct? That's not quite correct, but essentially – I'm sorry. There's two inadmissibility grounds. Right. One is engaging in prostitution. Right. Which Gonzalo's – I'm sorry, Cepollino and Gonzalo Zocopan apply to. The second inadmissibility ground is conviction-involving moral turpitude. Right. Which is broader than prostitution. Right. So even assuming these two new precedents, these two new precedents address the inadmissibility ground based on engaging in prostitution. They do not address specifically the inadmissibility ground based on CIMTs. You don't even have to get to the CIMTs, right? No. No. And I would note that the Board did – I would call it dictum, but the Board in denying that potentially, as Mr. Gardner said, there is a petty offense exception to that. And they said that potentially that could apply here, but they didn't rule that specifically. But so the point – that goes back to my point that even if she was not inadmissible under either of those two grounds, the Board still retains discretion to deny the relief here, and that's what they declared and gave the reasons for that, why they would not grant the relief as a matter of discretion. And that's why there was no purpose in reopening this case, because the discretion information trumps everything else in the case, and it's not revealed by the Court. So our position, obviously, is that the petition for review should be dismissed for lack of jurisdiction, because this Court under Fernandez does not have jurisdiction to review a motion to reopen, which essentially presents the same case that the Board already ruled on below. And the Court need not engage in an analysis here of whether prostitution is a crime involving moral turpitude. Now, we don't get to that point because of discretionary denial here. So unless the Court has any further questions, I would request that the Court dismiss the petition for lack of jurisdiction. Very good. Thank you very much. Mr. Gardner, you have some rebuttal time? One of the petitions submits that you cannot separate the discretionary decision from the legal issues in this case, where the Board in its decision of February 2007 states that the Respondents the Board agrees with the immigration judges finding Respondent is inadmissible as a result of a conviction from prostitution, which constitutes a crime involving moral turpitude, citing to matter of Franklin. The Petitioner timely appealed that finding, and that is a legal issue. The discretion in this case was exercised with respect to hardship, and the hardship waiver was predicated on her being inadmissible. Moral of the other constitutional issues here relate to the immigration judges finding that this was a sham marriage. There is a separate agency, the Immigration Service, USCIS, goes through a complete evaluation of a marriage, which in this case was approved on November 2004, interviewing both Petitioner and her husband. This is a due process violation not only to the Petitioner, but to her husband, because her marriage was put at issue. The motion to reopen addressed the issues on the marriage that could not have been done before, because the Petitioner had every right to believe that there was a finding of a good faith marriage. She hadn't approved I-130, which had been evaluated with all the facts, with all the activity, fully disclosed to the Immigration Service. The immigration judge exceeded its authority, a matter of after, cited to an unbrief, deals with this, in which the Board itself says it does not want immigration judges to delve into marriages, and that is the job of the Immigration Service. Roberts. In the opinion giving the reasons for the discretionary denial, were there any other reasons other than the sham marriage and the prostitution given? The factors are all in the context of hardship, and in the context of the language refers to a hardship waiver, and there's a balancing test. It's a separate standard. Yes. In this case, our briefs relate to the fact that we believe the immigration judge distorted the record. There was a transfer. There was a tape malfunction relating to the issue of remorse. She changed facts. And you cannot have hardship if there's no marriage. The immigration judge made a finding that there was no valid marriage, and therefore, all of her decision relating to these discretionary factors were based, premised on the fact that there was a sham marriage, and she had no authority to do so. How do you respond to the BIA's final decision here? I'm just looking at the very last portion of it. They indicate we would deny adjustment of status and exercise of discretion for the same reasons relied upon by the immigration judge in denying the respondent a waiver pursuant to 212H of the Act, namely, the reason and serious nature of respondent's criminal record, the failure of the respondent to take responsibility for her actions. That one you have not addressed. Her contradictory reasons for engaging in prostitution, her lack of a stable employment history, and her lack of rehabilitation. Most of those have absolutely nothing to do with the CIMT issue or the sham marriage. So those are discretionary. How do you get around that? The – those issues were raised by an immigration judge who we believe acted as a prosecutor. And those discretionary findings were premised. The immigration judge's decision specifically states, I find her inadmissible and not eligible for a hardship waiver. The hardship waiver applies those factors to a 212H waiver. The immigration judge requested a waiver, found inadmissibility, and used a balancing test. She did not make a finding that the petition here was not eligible for adjustment as a matter of discretion. Well, there were other issues, and that's what the BIA relied upon. But we thank you both for your presentations. The case of Kim v. Holder is submitted.
judges: Rakoff, Wallace, Smith